AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

Northern District of California

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No.  15-CR-480-HSG-3 |
| Lovell Wroten ) | |
| *Defendant* ) | |

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of   ☐ a federal offense   ☐ a state or local offense that would have been a federal offense if federal

jurisdiction had existed  -  that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____ .*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the   ☐ date of conviction   ☐ the defendant's release

from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community.  I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in _____ .

☐ under 18 U.S.C. § 924(c).

---

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 1 of  2

# UNITED STATES DISTRICT COURT

for the

Northern District of California

☐ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

## Alternative Findings (B)

☑ (1)  There is a serious risk that the defendant will not appear.

☑ (2)  There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II— Statement of the Reasons for Detention

I find that the testimony and information submitted at the detention hearing establishes by  ☑ clear and convincing evidence  ☐ a preponderance of the evidence that

All of the factors under 18 U.S.C. § 3142(g) favor detention. Defendant poses a danger to the community based on his criminal history, his substance abuse, the pending charges, and the circumstances of his arrest on Nov. 3, 2015. Defendant also poses a serious risk of nonappearance based on his criminal history, the pending charges, his lack of suitable sureties, and the circumstances of his arrest. No condition or combination of conditions will reasonably assure the community's safety or defendant's appearance. Defendant has a significant history of substance abuse. He reported using marijuana daily for four years, and reported abusing a prescription medication, Promethazine, for two years. He did not submit a drug test to Pretrial. Defendant also has a 2010 felony conviction for Solicitation to Possess Dangerous Drugs for Sale, for which he was sentenced to 2.5 years in prison and ordered to forfeit firearms. He is presently charged by indictment with conspiracy to deal in firearms without a license and unlawful possession of firearms. When he was arrested at his home in Arizona on Nov. 3, 2015, agents found a loaded .45-caliber pistol; numerous magazines, including a high-capacity magazine; ammunition; large amounts of marijuana packaged for sale, including in duffle bags and a suitcase; Promethazine, the same drug defendant admits having abused in the past; other drugs; and other indicia of criminal conduct. Based on these and other factors discussed on the record at the Nov. 25, 2015 detention hearing, the Court finds that the defendant poses a danger to the community, and that he is unlikely to obey Court orders and appear as required.

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:  11/30/2015

*Judge's Signature*

U.S. Magistrate Judge Kandis A. Westmore

*Name and Title*

*Insert as applicable:  (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).